UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IRVINE H. LEEN and ALETA LEEN, | No.  CIV S-12-1627 LKK/CMK |
|---|---|
| Plaintiffs, | |
| v. | **ORDER** |
| HAROLD M. THOMAS, an individual, et al., | |
| Defendants. | |

Plaintiffs Irvine and Aleta Leen have filed this lawsuit against officials and employees of the Butte County District Attorney's Office, the California Department of Fish & Game, and the California Water Resources Control Board.  Their complaint alleges that defendants caused the Water Board to rescind plaintiffs' Water License, and to refuse to act on their request for an amended water license.  Plaintiffs allege that defendants have violated their Due Process and Equal Protection rights under the Fourteenth Amendment to the U.S. Constitution.

Defendants have moved to dismiss, asserting sovereign immunity under the Eleventh Amendment to the U.S. Constitution,

1

qualified immunity, failure to state a claim, failure to plead in conformity with Fed. R. Civ. P. 8, and the statute of limitations. Plaintiffs oppose the dismissal motions, and also request leave to amend their complaint.

## I. BACKGROUND

Plaintiff Irvine Leen ("Leen") is a farmer and a rancher. First Amended Complaint ("Complaint") (ECF No. 25) ¶ 11. Leen and his wife, plaintiff Aleta Leen, own property where Leen grazes his cattle. Id. The property contains an irrigation ditch, fed from runoff from upstream properties. Id. The Leens have a license ("Water License") from the California State Water Resources Control Board, Division of Water Rights (the "Water Board"), allowing them to divert water from the irrigation ditch for the purpose of irrigating their property. Id.

**A. First Amendment to Water License and Rescission – 2007 to 2008.**

In 2007, plaintiffs requested a change to the Water License "to clarify the point of diversion and points of use." Id., ¶ 13. The Water Board granted the request in January 2008. Id. On February 14, 2008 however, the Water Board wrote to Leen, advising him of information it had received that indicated that the amendment should not have been granted, and that it was reconsidering its decision. Morey's Request for Judicial Notice dated September 30, 2013 ("Morey RfJN"), Exh. E (ECF No. 72) at 45.[1] The letter gave Leen thirty (30) days to provide

---

[1] In support of her Motion To Dismiss, defendant Sandra Morey submitted a Declaration with attached Exhibits A-H. See Morey Motion to Dismiss (ECF No. 56) at 12. Plaintiffs objected to the Declaration and Exhibits, but noted that some of the Exhibits,

2

1  information refuting the points made in the letter.  Id.  On
2  April 14, 2008, the Water Board again wrote to Leen (through his
3  lawyer, Ms. Burch).  Morey RfJN Exh. F (ECF No. 72) at 47-48.  It
4  acknowledged Leen's response to its prior letter, set forth its
5  findings, and stated that the amendment was granted "in error,"
6  and that "the amended license will be rescinded."  Id.  However,
7  the Board acted in such a way that it not only rescinded the
8  amendment, but it effectively rescinded plaintiffs' existing
9  Water License, prohibiting plaintiffs from using the irrigation
10 ditch at all.  Complaint ¶¶ 13-15.

11      Plaintiffs allege that the rescission was the result of
12 "false statements, improper threats and demands" from defendants
13 Thomas, an employee of both the California Department of Fish &
14 Game ("Fish & Game") and the Butte County District Attorney's
15 Office ("DA's Office"), Lane, an "agent" of Fish & Game and the
16 DA's Office, and Morey, an employee of Fish & Game.  Id., ¶¶ 2,
17 13.  Thomas, Lane and Morey are sued in their individual
18 capacities.

19      **B.   Second Amendment to Water License – 2008 to 2013.**
20      On May 14, 2008, plaintiffs again initiated administrative
21 proceedings to obtain the requested amendment to the Water

---

including Exhibit E, would be acceptable if submitted as a Request for Judicial Notice, so long as the court only takes notice of the document's publication and the existence of its content, but not for the truth of disputed matters therein.  See Opposition to Morey Motion (ECF No. 70) at 21.  Defendant has now submitted the same exhibits and requested judicial notice of them.  See Morey Request for Judicial Notice (ECF No. 72).  The court **GRANTS** the Request for Judicial Notice regarding Exhibits A and C-H, as to which plaintiff does not object, and otherwise **DENIES** it.  See Opposition to Morey Motion at 21-22.

1  License.  Id., ¶ 14; Morey RfJN Exh. D ("Exh. D") (ECF No. 72) at
2  38-44.  Specifically, they filed a Petition for Change
3  ("Petition"), which cites Cal. Water Code § 1700, requesting a
4  change in the "Point of Diversion" and the "Place of Use."
5  Exh. D at 38.  Plaintiffs "have complied with all laws and
6  regulations under California Law pertaining to the right to
7  receive the proposed amendment to their Water License."  Id.,
8  ¶ 19.  On June 4, 2009, the Water Board published a Notice of
9  Petition for Change" regarding plaintiffs' requested amendment to
10 their Water License, and noted that "protests" had to be filed no
11 later than July 6, 2009.  Morey RfJN Exh. G (ECF No. 72) at 50.

12     Defendants Thomas and Morey objected to the Petition.
13 Complaint ¶ 19.  Indeed, on July 6, 2009, defendant Morey
14 submitted a "Formal Protest" of plaintiffs' Petition.  Morey RfJN
15 Exh. H (ECF No. 72) at 52-55.  Among other bases for her protest,
16 Morey states that because of ongoing criminal proceedings against
17 Leen, "we believe it is inappropriate to proceed with approval of
18 this petition at this time."  Id., at 54.  Morey also expressed
19 concern that the license, if approved, "has the potential to have
20 adverse impacts to wetland and terrestrial species of concern in
21 the project-affected areas."  Id.

22     The criminal case was prosecuted by defendant Thomas of the
23 District Attorney's office.  Because of these objections, the
24 proceedings were stayed pending the outcome of the criminal
25 charges.  Id.  In 2011, Leen was acquitted of the criminal
26 charges, and he and his wife renewed the administrative
27 proceedings.  Id., ¶ 15.  However, because of continuing
28 communications from defendants Morey and Thomas, the Water Board

4

"refuse[d] to act" on plaintiffs' request for an amended Water License. Complaint ¶ 15. Plaintiffs allege that this refusal to act resulted from "false statements, improper threats and demands" which defendants Thomas and Morey "communicated" to The Water Board. Id. Indeed, plaintiffs allege that defendants' conduct was part of a "personal" vendetta against plaintiffs waged by Thomas after Leen won an acquittal in the criminal case that Thomas had prosecuted against Leen.

Plaintiffs assert that defendants Bonham, the Director of Fish & Game, and Ramsey, the Butte County District Attorney, "authorized and ratified the conduct of the individually named defendants." Id., ¶ 30. Bonham and Ramsey are sued in their official capacities for injunctive relief only. Id., ¶¶ 3 & 32.

Plaintiffs initially sued defendants in State court on May 17, 2012. The case was removed to this court, and on October 12, 2012, plaintiffs filed the operative Complaint, asserting that defendants deprived them of Due Process and the Equal Protection of the laws, in violation of Section 1983 and the Fourteenth Amendment to the U.S. Constitution. Id., ¶¶ 27-29.

**C.   Settlements.**

On February 6, 2013, The Water Board approved plaintiffs' petition for am amended Water License. Plaintiffs' Motion To Amend (ECF No. 67) at 5; Morey RfJN Exh. A. On September 10, 2013, pursuant to a settlement, this court dismissed the lawsuit, with prejudice, against both Water Board defendants, Barbara Evoy and John O'Hagan. ECF No. 66.

////

**II.   DISMISSAL STANDARDS**

5

A dismissal motion under Fed. R. Civ. P. 12(b)(6) challenges a complaint's compliance with the federal pleading requirements. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, this court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).[2]

"While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at 679. Iqbal and Twombly therefore prescribe a two-step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

---

[2] Citing Twombly, 550 U.S. at 555-56, Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations"), and Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test" under Rule 12(b)(6)).

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations.  Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557).[3]  A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

////

////

### III. ANALYSIS – DEFENDANTS' MOTIONS TO DISMISS

---

[3] Twombly imposed an apparently new "plausibility" gloss on the previously well-known Rule 8(a) standard, and retired the long-established "no set of facts" standard of Conley v. Gibson, 355 U.S. 41 (1957), although it did not overrule that case outright. See Moss v. U.S. Secret Service, 572 F.3d 962, 968 (9th Cir. 2009) (the Twombly Court "cautioned that it was not outright overruling Conley ...," although it was retiring the "no set of facts" language from Conley).  The Ninth Circuit has acknowledged the difficulty of applying the resulting standard, given the "perplexing" mix of standards the Supreme Court has applied in recent cases. See Starr v. Baca, 652 F.3d 1202, 1215 (9th Cir. 2011) (comparing the Court's application of the "original, more lenient version of Rule 8(a)" in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) and Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam), with the seemingly "higher pleading standard" in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005), Twombly and Iqbal), cert. denied, 132 S. Ct. 2101 (2012). See also Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (applying the "no set of facts" standard to a Section 1983 case).

**A.  Charlton M. Bonham and Michael Ramsey – Official Capacities.**

Plaintiffs sue Charlton H. Bonham "in his official capacity as Director of the California Department of Fish & Game" only, seeking only injunctive relief.  Complaint ¶ 32.  They also sue Michael Ramsey "in his official capacity as Butte County District Attorney" only, seeking only injunctive relief.  Id.

The sole allegation against Bonham and Ramsey is that they "authorized and ratified" the conduct of the individual defendants, which conduct is preventing the Water Board from granted the requested amendment to their Water License.[4]  Id.  However, plaintiffs concede that the Water Board "issued a decision on February 6, 2013, approving plaintiffs' petition for an amended water license."  Plaintiffs' Motion for Leave To File a Second Amended Complaint (ECF No. 67) at 5; Morey RfJN, Exh. A (ECF No. 56) at 14-39.

Accordingly, all claims against Bonham and Ramsey in their official capacities will be dismissed as moot.

**B.  Sandra Morey.**

As best the court can tell, there are two principal complaints that plaintiffs make in this case that have anything to do with defendant Morey.  First, Morey and others caused the Water Board, in February 2008, to rescind its prior approval of

---

[4] Plaintiffs also allege that Bonham and Ramsey allowed their employees to "threaten, intimidate and punish plaintiffs," but there is no factual allegation as to what these threats were.  The court concludes that the allegation adds nothing to the allegation that Bonham and Ramsey prevented plaintiffs from getting their amended water license.

an amendment to plaintiffs' Water License, "in response to false statements, improper threats, and demands from … Morey." Complaint ¶ 13.  Second, Morey and others caused the Water Board to "refuse[] to act" on plaintiffs' subsequent application for a water license, again due to "false statements, improper threats, and demands from … Morey."

### 1. Statute of Limitations.

Morey asserts that this portion of the claim is barred by the two-year statute of limitations, inasmuch as plaintiffs' original complaint was filed in state court in May 2012, over four years after the rescission.  See ECF No. 1 at 10 (original state court complaint, filed May 17, 2012).  Both sides agree that the statute of limitations for these Section 1983 claims is two (2) years, citing, inter alia, Canatella v. Van De Kamp, 486 F.3d 1128 (9th Cir.), cert. denied, 552 U.S. 1041 (2007).

Plaintiffs assert that they are not barred by the statute of limitations because the Water Board falsely told them that the first amended Water License was rescinded because of the criminal case against him, when in fact, it was rescinded because of Morey's (and others') "false statements, improper threats and demands" to the Water Board.  Plaintiffs further assert that they only learned in 2011 that Morey's communications with the Water Board were the actual cause of the alleged unconstitutional rescission of their Water License.  ECF No. 70 at 35. Accordingly, they argue, the statute should be tolled until they discovered the true reason for the rescission.  Id.

Plaintiffs are correct in that the rescission of their license, although known in 2008, was not a constitutional injury

9

1  plaintiffs could sue over until they discovered that the
2  rescission was caused by allegedly unconstitutional actions on
3  Morey's part.  See Briley v. California, 564 F.2d 849, 854 (9th
4  Cir. 1977).

### 2. Failure to state a claim.

6  Morey also moves to dismiss on the grounds that the
7  Complaint fails to allege any wrongdoing on her part with the
8  specificity needed to survive Iqbal.  Although this court is wary
9  of the common litigation tactic of hiding behind Iqbal's pleading
10 requirements, this is a case where the allegations really are
11 insufficient.  The crux of plaintiffs' allegations is that Morey
12 took part in a state proceeding before the Water Board in which
13 plaintiffs had sought to amend their Water License.  Whenever
14 plaintiffs describe what Morey actually did, supplemented by
15 documents of which this court has taken judicial notice, they
16 describe apparently lawful behavior by Morey.  The Complaint
17 alleges that Morey "communicated about the Water License" with
18 the Water Board and defendant Thomas.  Complaint ¶¶ 15 & 24.  It
19 further alleges that "Morey objected to the granting of the
20 amendment to their Water License."  Id., ¶ 19.  There is no
21 dispute that Morey took part in the proceeding, nor is there any
22 dispute about what she said, on behalf of her Department, in her
23 formal, written protest.  See Morey RfJN (ECF No. 72) at 52-55.
24 In their opposition to Morey's dismissal motion, plaintiffs
25 assert that Morey worked to convince the Water Board "that it
26 should either terminate plaintiffs' application for an amendment
27 to their water license or suspend all action on the application."
28 ECF No. 70 at 7.  They assert that among other things, Morey was

10

1  concerned that issuance of the amended water license would harm
2  Thomas's pending criminal case against Mr. Leen.  Id.  They
3  further assert Morey "contacted the SWRCB in July 2008, demanding
4  that the agency refrain from taking action on the Petition for
5  Change while the criminal case was still pending." Id., at 14.
6  After the criminal case ended, Morey convinced the Water Board
7  "to suspend all consideration of plaintiffs' petition for change
8  of their water license." Id., at 14.  According to the
9  Complaint, at some unknown point, Morey "took the position that
10 the path of the irrigation ditch should be modified so as to
11 restore it to its alleged natural and historic conditions dating
12 back fifty (50) or more years." Complaint ¶ 12.
13     The problem with the Complaint is that Morey's conduct, as
14 alleged by plaintiffs, and as described in their Opposition, does
15 not appear to be unlawful.  To the contrary, plaintiffs have
16 alleged a lawful and proper way that Morey acted to prevent
17 plaintiffs from getting the amendment to their Water License.
18 Namely, the Complaint alleges that Morey filed a protest against
19 the proposed amendment.  Morey was specifically authorized to do
20 by state law.  See Cal. Water Code § 1701.3 (any interested
21 person may file a written protest).  Plaintiffs allege that there
22 were communications between the Water Board and Morey aside from
23 the formal protest letter.  This is also specifically authorized
24 by state law.  See Cal. Water Code §§ 1703.3 (protestant may
25 submit supplemental information) & 1703.5 (Water Board may
26 request additional information from protestant).
27     Having thus alleged apparently lawful conduct, indeed,
28 having alleged that Morey did her job on behalf of her agency,

11

plaintiffs must now do more than simply paint her activities with a sinister gloss. They fail to do so. Plaintiffs offer no example of any of these allegedly false statements, threats or demands, nor any description of them, nor any hint of when they might have occurred, nor whether they were oral or written.[5]

With the absence of any specific example of wrongdoing, it appears that plaintiffs have taken entirely lawful conduct, specifically authorized by statute, and simply attached sinister motives to it, calling the communications false and improper, and calling the effort to stop the amendment, attempts to "restrict and interfere" and "delay and obstruct." See Complaint ¶¶ 15-16. There is simply nothing, as plead, from which this court can infer that anything unlawful or unconstitutional had occurred.

The claims against Morey will be dismissed with leave to amend.

### C. Harold M. Thomas.

The allegations against Thomas parallel those against Morey. They similarly allege lawful conduct that plaintiffs allege was wrongful. Plaintiffs do not explain what is unlawful about Thomas's alleged conduct in prosecuting Leen, telling Leen that he would again prosecute if Leen undertook certain activities, and communicating with other agencies in an effort to stop Leen's activities. Such conduct is problematic if it is unlawful and

---

[5] Plaintiffs' proposed amended complaint shows that they are capable of making specific allegations. In the proposed amendment, plaintiffs allege that a specific representation in Morey's written protest – that Leen was convicted in the Superior Court – is false, and they state their basis for alleging that it is false.

12

1  violates plaintiffs' constitutional rights.  However, plaintiffs
2  have alleged nothing that would allow the court to infer
3  unconstitutional conduct or a constitutional injury.  Instead,
4  they have again simply described apparently lawful conduct in a
5  sinister light.
6     The claim against Thomas will be dismissed with leave to
7  amend.
8     **D.   John Lane.**
9     The Complaint contains almost no allegations against Lane.
10 Those few allegations that include Lane simply paint a sinister
11 gloss onto allegations that do not describe unlawful or
12 unconstitutional behavior.
13    The claim against Lane will be dismissed with leave to
14 amend.
15                    **IV.  CONCLUSION**
16    For the reasons stated above,
17    1.   Defendants' motions to dismiss, ECF Nos. 56, 62 and 63,
18 are hereby **GRANTED**, and the First Amended Complaint, ECF No. 25,
19 is hereby **DISMISSED** in its entirety, with leave to amend
20 consistent with this decision.
21    2.   Plaintiff's motion to amend (ECF No. 67), is hereby
22 **DENIED**, as the proposed amendments to the complaint were
23 submitted without the guidance of this decision.  Any amendment
24 to the complaint shall be consistent with this decision.
25    IT IS SO ORDERED.
26    DATED: June 2, 2014.
27                                    LAWRENCE K. KARLTON
                                     SENIOR JUDGE
28                                   UNITED STATES DISTRICT COURT

13