UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVINE H. LEEN and ALETA LEEN,<br><br>Plaintiffs,<br><br>v.<br><br>HAROLD M. THOMAS, an individual; MICHAEL RAMSEY, an individual; SANDRA MOREY, an individual; JOHN LANE, an individual; JENNY MARR, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | No. 2:12-cv-01627-TLN-CMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendants Michael Ramsey, Harold Thomas, and John Lane's ("Defendants") Motion to Dismiss. (ECF No. 93.) Plaintiffs Irvine and Aleta Leen ("Plaintiffs") have filed an opposition to Defendants' motion. (ECF No. 102.) The Court has carefully considered the arguments raised in Defendants' motion and reply, as well as Plaintiffs' opposition. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs own property outside Oroville on which they farm and graze cattle. (Third Amended Complaint, ECF No. 90 at 4.) An irrigation ditch runs through the property, which is fed mainly by runoff flowing from upstream properties. (ECF No. 90 at 4.) Plaintiffs have a License for the Diversion and Use of Water, issued and overseen by the California State Water

Resources Control Board, Division of Water Rights ("SWRCB").  (ECF No. 90 at 4.)

In the summer of 2002, Plaintiff Irvine Leen cleared the irrigation ditch of brush and debris.  (ECF No. 90 at 6.)  In response, Defendants Thomas and Ramsey brought criminal charges against Mr. Leen in October of 2003.  (ECF No. 90 at 4.)  The charges included the unlawful obstruction of a stream, failing to obtain a streambed alteration permit, depositing silt into the irrigation ditch such that it is deleterious to fish, plants or bird life, and trespass.  (ECF No. 90 at 6.)  In October 2004, Mr. Leen accepted a pretrial diversion stipulating that the charges would be dropped if he worked with the Department of Fish and Game to restore historical waterways and wetlands on his property.  (ECF No. 90 at 7.)  In June 2006, Mr. Leen learned for the first time that he possessed water rights on his property, which the SWRCB informed him via letter.  (ECF No. 90 at 10.)  At that point, he asked the court to be relieved of his obligations under the pretrial diversion agreement, initiating a sequence of events that eventually resulted in a criminal trial.  (ECF No. 90 at 10.)

Around 2006, Plaintiffs noticed that their water license misstated the location of the Place of Diversion and Place of Use of the ditch.  (ECF No. 90 at 11.)  They applied to the SWRCB for what they believed was a routine correction of their water license. (ECF No. 90 at 11.)  In or about January 2008, the SWRCB approved the request after making a site visit.  (ECF No. 90 at 11.)  In April of that year, Plaintiffs received a letter from the SWRCB informing them that the approval had been rescinded.  (ECF No. 90 at 13.)  Plaintiffs suggest that a principal cause of the SWRCB's rescission was improper contacts and false statements made by Defendants Thomas and Lane.  (ECF No. 90 at 13.)  After approval of their amended water license was rescinded, Plaintiffs proceeded to file a Petition for Change of Point of Diversion and Place of Use in June of 2008.  (ECF No. 90 at 14.)  Plaintiffs allege that Defendants Thomas and Lane knowingly and wrongfully contacted SWRCB and persuaded them to refrain from approving the petition, resulting in a delay that caused injury to Plaintiffs.  (ECF No. 90 at 16.)

From 2006 to 2011, Defendant Thomas filed numerous writs and appeals in a legitimate effort to prevent Mr. Leen from going to trial on his criminal charges, which was his right as a prosecutor.  (ECF No. 90 at 11.)  Plaintiffs allege that while the criminal matter was ongoing,

Defendant Thomas, with the help of Defendants Lane and Ramsey, went outside his role as prosecutor by attempting to inappropriately influence the SWRCB's decisions regarding the water license. (ECF No. 90 at 15.) In March 2011, the criminal case proceeded to trial, where a jury acquitted Mr. Leen of all charges. (ECF No. 90 at 17.) In April 2011, Plaintiffs again contacted the SWRCB and asked for approval of their Petition. (ECF No. 90 at 17.) Plaintiffs allege that even after the close of the criminal case, Defendants Thomas and Lane continued to make false statements to the SWRCB in an attempt to influence their decision regarding Plaintiffs' Petition. (ECF No. 90 at 17.) Plaintiffs further allege that throughout the relevant period, Defendant Ramsey continually ratified and encouraged the conduct of Defendants Thomas and Lane. (ECF No. 90 at 26.) On May 16, 2012, Plaintiffs filed the instant lawsuit, after which the SWRCB contacted them to schedule a site investigation in regards to their petition. (ECF No. 90 at 20.) On February 6, 2013, the Plaintiffs received word that the SWRCB had approved their petition. (ECF No. 90 at 10.)

Plaintiffs allege a violation of their rights under the Fourteenth Amendment, stating that Defendants' actions deprived them of their right to use and enjoy their property without due process of law. Plaintiffs also allege a violation of their right to equal protection under the law. Lastly, Plaintiffs state a claim for damages, including attorneys' fees, under 42 USC § 1983.

## II.    STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim ... is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every

reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963). A plaintiff need not allege " 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir.1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims ... across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id*. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

4

*Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F.Supp.2d 1035, 1042 (C.D.Cal. 1998).

If a complaint fails to state a plausible claim, " '[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint [.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS

#### A. Statute of Limitations

##### 1. Accrual of the Cause of Action

Plaintiffs filed the instant lawsuit on May 16, 2012. The parties agree that in California a two-year statute of limitations applies to claims arising under 42 USC § 1983. *See Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007). They also agree that the applicable statute of limitations began to run when Plaintiffs knew or had reason to know of their injury. (ECF No. 106 at 22.) "Under federal law, the touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.' " *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991) (quoting *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981)).

The parties disagree, however, on the date when the two-year statute of limitations began to run. Each asserts a widely differing point at which Plaintiffs became aware of their constitutional injury. Plaintiffs allege they did not know or have reason to know of their injury until at least April 2011, when, following the conclusion of the criminal trial, they learned that the

5

1    SWRCB would not immediately decide on their Petition.  (ECF No. 106 at 23.)

2    　　　　Conversely, Defendants contend that Plaintiffs were aware of their injury in 2008.  (ECF
3    No. 107 at 5.)  Defendants provide persuasive evidence in the form of a motion to dismiss filed in
4    2008 by Plaintiff Leen as a defendant in the criminal case.  (ECF No. 107, Attachment 1.)  In that
5    motion to dismiss, dated May 13, 2008, Mr. Leen's counsel sought to dismiss the criminal
6    charges against him based on unconstitutional conduct by Defendants.  The motion contained
7    accusations that through their improper contacts, Defendants "convince[ed] [the SWRCB] to
8    either revoke the Water License or rescind the informal amendment to the same and require Mr.
9    Leen to submit a formal Petition for Change."  (ECF No. 107, Attachment 1 at 10.)  The motion
10   went on to contend that "[Defendant's conduct] violated Mr. Leen's right to due process under
11   the state and federal constitutions as well as the prosecutor's duty to uphold those constitutions
12   because it was a deliberate, calculated and unsuccessful effort by an officer of the executive
13   branch, to interfere with an otherwise independent and discretionary administrative decision-
14   making process[.]" (ECF No. 107, Attachment 1 at 11.)  Not only did Mr. Leen allege a
15   constitutional injury, but he also stated damages based on his anticipation of the same delay that
16   motivated the instant suit.  In his motion, Mr. Leen asserted that he would now be forced to file a
17   formal Petition for Change, which he stated "is a lengthy process that will cost at least $1,850,
18   and may cost tens of thousands of dollars."  (ECF No. 107, Attachment 1 at 7.)  Yet despite the
19   similarity between these statements from 2008 and those comprising the instant cause of action,
20   Plaintiffs maintain they didn't know of their injury until 2011.  The evidence doesn't support
21   Plaintiff's position.  The instant lawsuit is essentially a restatement of the allegations Mr. Leen
22   made in the 2008 motion to dismiss.

23   　　　　In their opposition to Defendants' motion to dismiss, Plaintiffs argue that Judge Karlton
24   already decided the statute of limitations issue in his order dated June 2, 2014, therefore the law
25   of the case doctrine bars this Court from reconsidering it.  (ECF No. 106 at 22.)  Ordinarily,
26   Plaintiffs would be correct, because "[t]he 'law of the case' doctrine precludes a court from
27   reconsidering an issue already decided by the same court or by a higher court in the identical
28   action."  *Chavez v. Bank of Am. Corp.*, No. C-10-0653 JCS, 2012 WL 1594272, at *4 (N.D. Cal.

May 4, 2012.) However, "reconsideration of a previously decided issue may[. . . ], be appropriate in certain circumstances, including when the record contains new evidence." *Speeney v. Rutgers, The State Univ.*, 369 F. App'x 357, 361 (3d Cir. 2010) (citing *Bridge v. United States Parole Comm'n*, 981 F.2d 97, 103 (3d Cir.1992)). It is clear to this Court that Judge Karlton made his decision without the benefit of all the evidence. In their opposition to Defendants' motion to dismiss the first amended complaint, Plaintiffs claimed they were unaware until 2011 that Defendants' improper contacts were a contributing cause of the SWRCB's rescission of the water license. (ECF No. 70 at 34.) It was apparently on the basis of this false claim that Judge Karlton held that the statute of limitations did not begin to run until 2011, though he ultimately granted dismissal on other grounds. Had he seen Mr. Leen's 2008 motion to dismiss, which was not in the record until Defendants filed it with their reply in November 2014, he likely would have found it impossible to accept Plaintiffs' assertion that they "only learned in 2011" that Defendants' conduct was the cause of their constitutional injury. (ECF No. 82 at 9). Thus, the statute of limitations issue fits into the 'new evidence' exception to the law of the case doctrine. The new evidence here "differs materially from the evidence of record when the issue was first decided," as the exception requires, because it demonstrates for the first time that Plaintiffs were aware of their injury years earlier than they had previously declared. *Id*. Since Judge Karlton's holding was based on incomplete information, the law of the case doctrine does not preclude this Court from reexamining the issue.

Plaintiffs argue in the alternative that regardless of their knowledge of the injury, the statute of limitations was tolled while they "attempted to wade through the regulatory channels." (ECF No. 106 at 23.) However, the cases Plaintiffs cite as support are inapplicable and unpersuasive. In *Hoesterey v. City of Cathedral City*, 945 F.2d 317 (9th Cir. 1991), the court held that the statute of limitations in a wrongful termination case under § 1983 could be tolled until the plaintiff's final day of employment, instead of beginning to run on the prior date he was informed of his termination. *Id*. at 320. In *Hoesterey*, the plaintiff based his claim on his deprivation of a pretermination hearing to which he was entitled. *Id*. As the court subsequently pointed out, the plaintiff could not have had sufficient notice that he would be denied a pretermination hearing

7

until his final day, because his employers had never made it unequivocally clear that he would not get one. *Id*. In the case at bar, Plaintiffs did not need to wait until the end of the regulatory process to be informed of their injury. This is made clear by the similarity between the due process violations alleged in Mr. Leen's 2008 motion to dismiss and those at the heart of the instant case. Plaintiffs cannot reasonably claim ignorance of their injury until after the delayed regulatory proceedings ended, because the delay itself is essentially the injury. The fact that Plaintiffs could not have known in 2008 just how costly Defendants' alleged actions would prove is irrelevant as to their awareness. As the Ninth Circuit held in a discrimination case, "The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

By claiming they were unaware prior to April 2011, Plaintiffs may be suggesting that the statute of limitations was tolled until the conclusion of the criminal case against Mr. Leen in March of 2011. However, as the court stated *Olson*, a case relied upon by Plaintiff, tolling of a statute of limitations because of an interrelated administrative proceeding occurs only when the proceeding ". . . may be dispositive of an essential element of a legal cause of action[.]" *Olson v. Cnty. of Sacramento*, 38 Cal. App. 3d 958, 965 (1974). Here, the outcome of the criminal case was not dispositive of any element on which Plaintiffs' legal cause of action depended. Plaintiffs themselves have stated that the two matters are separate, and in fact, Defendants' alleged violation of that boundary formed the entire basis of their claim. (ECF No. 90 at ¶ 18.) Accordingly, the Court sees no reason to find that the statute of limitations was tolled until the conclusion of either the criminal case or the regulatory proceedings.

### 2. Continuing Violation Theory

Plaintiffs argue that the statute of limitations was equitably tolled under the continuing violation theory. (ECF No. 70 at 35.)[1] Though Plaintiffs conflate the continuing violation theory

---

[1] The Court notes that Plaintiffs in their opposition did not invoke the continuing violation theory, although they did so previously in their opposition to the motion to dismiss the first amended complaint. (ECF No. 70 at 35.) It is reasonable and fair to believe that Plaintiffs may have raised this again in the instant opposition, had they not believed they could rely on Judge Karlton's ruling. Though Judge Karlton's holding is no longer binding due to newly presented evidence, it was reasonable for Plaintiffs to rely on it. In light of this, the Court will address the continuing violation theory as raised in Plaintiffs' prior opposition.

and equitable tolling, the Court will address them separately, beginning with the continuing violation theory. As this Court has stated, "[t]he continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." *Aoki v. Gilbert*, No. 2:11-CV-02797-TLN-CK, 2014 WL 3689345, at *9 (E.D. Cal. July 23, 2014) (quoting *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013)).

In *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), the Supreme Court offered more specific guidelines on the use of the doctrine, which applies most frequently to claims against employers for discrimination. In *Morgan*, the Supreme Court allowed a workplace discrimination claim to proceed, despite the lapse of the statute of limitations, by applying the continuing violation doctrine. *Morgan*, 536 U.S. at 113. However, the Court applied the doctrine only to the plaintiff's "hostile work environment" claims, which the Court described generally as claims "based on the cumulative effect of individual acts" that "may not be actionable on [their] own." *Id.* at 115. The Court distinguished such claims from those based on discrete acts, and went on to say that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[2] *Id.* at 113.

In order to support their continuing violation argument, Plaintiffs would have this Court analogize their claim to a hostile work environment claim, rather than classify their claim as one of a series of discrete acts. In *Morgan*, the Supreme Court loosely defined a discrete act as one that is actionable on its own. *Id.* at 103 ("[I]n direct contrast to discrete acts, a single act of harassment [that collectively creates a hostile work environment] may not be actionable on its own."). Here, the bulk of Plaintiffs' injury stems from a single incident that Plaintiffs have already identified as being actionable—the SWRCB's April 2008 rescission of Plaintiffs'

---

[2] Furthermore, awareness of the actionable conduct often precludes application of the continuing violation doctrine. Ironically, this is exemplified by the lone case that Plaintiffs cite to support their argument, *Harry's Cocktail Lounge v. McMahon*, CV 93-3566 JGD, 1995 WL 338885, at *15 (C.D. Cal. Mar. 15, 1995) aff'd sub nom. *Harry''s Cocktail Lounge, Inc. v. McMahon*, 103 F.3d 138 (9th Cir. 1996). There, the court found that the statute of limitations precluded six of the plaintiffs' twelve claims based on the fact that "[p]laintiffs knew of the alleged wrongful acts, and objected to said acts, prior to the limitations period." *Id.* Here, the evidence indicates that Plaintiffs knew about Defendants' conduct and its direct causal link to their injury, at least as early as May 2008.

amended water license, allegedly caused by Defendants' improper contacts with the SWRCB.[3] (ECF No. 102 at 18.) Plaintiffs also identify similar communications continuing throughout 2012, which resulted in further injury due to the delay of the approval of the amended water license. (EFC No. 90 at ¶¶ 30-49.) Though Plaintiffs' Complaint describes a related sequence of actions by Defendants, the conduct is not analogous to a hostile work environment claim. Plaintiffs charge Defendants with distinct instances of providing false statements to the SWRCB. (ECF No. 90 at ¶¶ 30-49.) These communications are alleged by Plaintiffs to have been individually unlawful and therefore actionable, making them discrete acts under *Morgan*.[4] (ECF No. 90 at ¶ 31-32; ECF No. 102 at 11.) Despite their relation, each instance was a discrete violation from which the two-year statute of limitations runs separately. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002) ("[T]he statute of limitations runs separately from each discrete act.") (citing *Morgan*, 536 U.S. at 112). Therefore, the continuing violation doctrine does not apply, and the two-year statute of limitations precludes claims based on Defendants' conduct prior to May 16, 2010.

### 3. Equitable Tolling

Plaintiffs petition the Court for equitable tolling of the statute of limitations. (ECF No. 70 at 35.) The United States Supreme Court has stated that "[c]ourts may evaluate whether it would be proper to apply such [equitable] doctrines, although they are to be applied sparingly." *Morgan*, 536 U.S. at 113. As the Seventh Circuit has articulated, "[i]n most cases in which equitable tolling is invoked, the statute of limitations has run before the plaintiff obtained information essential to deciding whether he had a claim." *Cada v. Baxter Healthcare Corp.*, 920

---

[3] In the aforementioned 2008 motion to dismiss, Mr. Leen argued that this conduct rose to the level of a constitutional violation, thereby classifying it as an independently actionable act. (ECF No. 107, Attachment 1 at 11; ECF No. 102 at 11.) As such, Defendants' communications regarding the rescission of the amended water license fits *Morgan*'s conception of a discrete act. It is therefore time-barred, despite being related to acts alleged in timely charges.

[4] They are also discrete acts under the Ninth Circuit's "individualized decision" analysis, which the Ninth Circuit outlined in *Cherosky v. Henderson*, 330 F.3d 1243 (9th Cir. 2003). In *Cherosky*, the plaintiffs challenged their employer's policy of not allowing them to wear respirators. *Id*. The Ninth Circuit stated, "As the district court aptly noted, the 'heart of plaintiffs' complaint does not stem from the policy regarding the use of respirators, but rather from the individualized decisions that resulted from implementation of a policy originating from OSHA.' These individualized decisions are best characterized as discrete acts, rather than as a pattern or practice of discrimination." *Id*. at 1247. In the case at bar, Plaintiffs' alleged injuries likewise stem from individualized decisions of Defendants, rather than a general policy, and are thus discrete acts under a *Cherosky* analysis.

F.2d 446, 453 (7th Cir. 1990).  Here, years before filing suit, Plaintiffs possessed the essential information regarding Defendants' conduct, which would later form the basis of their claim.

The Court does not find Plaintiffs deserving of equitable intervention.  To the contrary, the Court has reason to believe that Plaintiffs previously misrepresented the point at which they became aware of Defendants' conduct.  Only a paragraph prior to their raising of the continuing violation doctrine, the earlier opposition states "[l]ittle did plaintiffs know that the SWRCB was being unlawfully influenced, in combination, by [Defendants]."  (ECF No. 70 at 34.)  However, it is clear from Mr. Leen's 2008 motion to dismiss that he was aware of the alleged influence as of May 2008.  Therefore, the Court will not apply equitable tolling to prolong the statute of limitations.

### IV.     CONCLUSION

The statute of limitations bars claims against Defendants for conduct prior to May 16, 2010.  Rather than consider Plaintiffs' claims based only on the remaining allegations,[5] the Court dismisses with leave to amend.  Plaintiffs can amend their Complaint to include only allegations from within the statutory period, but cannot formulate new claims or causes of action.

Because their claim as stated in the Complaint is barred by the statute of limitations, Plaintiffs fail to state a plausible claim.  Accordingly, the Court GRANTS Defendants' Motion to Dismiss and dismisses Plaintiffs' claims with leave to amend.

IT IS SO ORDERED.

Dated:  August 18, 2015

_____
Troy L. Nunley
United States District Judge

---

[5] Which also include allegations against defendants with whom Plaintiffs have since settled.

11