1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   IRVINE H. LEEN and ALETA LEEN,            No.  2:12-CV-01627-TLN-CMK

12                  Plaintiffs,

13          v.                                 **ORDER**

14   HAROLD M. THOMAS, an individual;
     MICHAEL RAMSEY, an individual;
15   JOHN LANE, an individual; and DOES 1-
     20, inclusive,
16
                    Defendants.
17

18
           This matter is before the Court pursuant to Defendants Michael Ramsey ("Ramsey") and
19
     Harold Thomas's ("Thomas") (collectively referred to as "Defendants") motion to dismiss
20
     Plaintiffs Irvine and Aleta Leen's (collectively referred to as "Plaintiffs") Fourth Amended
21
     Complaint ("FAC").  (*See* ECF No. 116.)  Plaintiffs oppose Defendants' motion (ECF No. 117),
22
     and Defendants have filed a reply (ECF No. 118).  The Court has carefully considered the
23
     arguments raised by the parties in their briefing papers.  For the reasons set forth below,
24
     Defendants' motion to dismiss (ECF No. 116) is GRANTED.
25
           **I.      FACTUAL BACKGROUND**
26
           Plaintiff Irvine Leen ("Leen") is a farmer and a rancher.  (FAC, ECF No. 113 at ¶ 13.)
27
     Leen and his wife, Plaintiff Aleta Leen, own property where Leen grazes his cattle.  (ECF No.
28

                                                   1

113 at ¶ 13.)  The property contains an irrigation ditch, fed from runoff from upstream properties. (ECF No. 113 at ¶ 13.)  The Leens have a license ("Water License") from the California State Water Resources Control Board, Division of Water Rights (the "Water Board"), allowing them to divert water from the irrigation ditch for the purpose of irrigating their property.  (ECF No. 113 at ¶ 13.)  In or about the summer of 2002, Leen's neighbor, Frank Green, cleared out debris (e.g., old bicycles, tires, car batteries, cans, bottles) and brush from the Irrigation Ditch.  (ECF No. 113 at ¶ 14.)  At the time, the water in the Irrigation Ditch was very low and had insufficient flow to continue on past the Leens' property lines.  (ECF No. 113 at ¶ 14.)  As such, it had no connectivity, at the time, with other downstream waterways.  (ECF No. 113 at ¶ 14.)  When the brush was cleared away, Mr. Green placed matting along the banks to prevent erosion.  (ECF No. 113 at ¶ 14.)  In the turn of one season, the Irrigation Ditch vegetation returned.

In or about October 2002, a California Department of Fish and Wildlife ("CDFW") deputy reported observations of persons clearing out debris and brush from the Irrigation Ditch. (ECF No. 113 at ¶ 15.)  Thomas, an employee of CFDW, and Ramsey, the Butte County District Attorney, were involved in the investigation of the incident.  On October 15, 2003, the eve of the expiration of the statute of limitations, Thomas and Ramsey filed a criminal complaint against Leen for clearing out garbage and debris from the Irrigation Ditch.  (ECF No. 113 at ¶ 15.)  The charges included the unlawful obstruction of a stream, failing to obtain a streambed alteration permit, and depositing silt into the Irrigation Ditch such that it is deleterious to fish, plants or bird life, and trespass.  (ECF No. 113 at ¶ 15.)  Leen accepted pretrial diversion in October 2004, on the understanding that he had no water license rights and that he needed to work with CDFW to restore historical waterways and wetlands on his Property.  (ECF No. 113 at ¶ 15.)  The criminal case proceedings were suspended from October 2004 to August 2006.  (ECF No. 113 at ¶ 15.) From August 2006 to January 2010, Leen was engulfed in court proceedings in an effort to reinstate his plea of not guilty and proceed to trial on the criminal charges.  (ECF No. 113 at ¶ 15.)  On March 10, 2011, a jury in the criminal case delivered a verdict of not guilty on all charges.  (ECF No. 113 at ¶ 15.)

Leen alleges that even after he was acquitted, Thomas attempted to misuse his authority as

2

1    a regulator (i.e., an employee of CDFW) to convince the Water Board to unlawfully withhold and

2    restrain Plaintiffs from receiving an amendment to their water license.  (ECF No. 113 at ¶ 16.)

3    Plaintiffs assert that Thomas still opposed the issuance of the amendment without ever presenting

4    a rational basis for doing so, which resulted in Plaintiffs hiring counsel to complete the

5    amendment process that had begun five years prior.  (ECF No. 113 at ¶ 16.)  That effort resulted

6    in the filing of this lawsuit in May 2012.  (ECF No. 113 at ¶ 16.)  Plaintiffs brought the instant

7    action against Defendants in their individual capacity, alleging that they violated Plaintiffs'

8    constitutional rights pursuant to 42 U.S.C. § 1983 by subjecting Plaintiffs "to continuing arbitrary

9    and irrational treatment . . . despite plaintiffs' compliance with the law and being acquitted of all

10   charges in the criminal case."  (ECF No. 113 at ¶ 45.)

11          Since the commencement of this action, Plaintiffs have resolved all disputes with the

12   regulatory agencies (the Water Board and CDFW).  (ECF No. 113 at ¶ 17.)  On February 6, 2013,

13   the Water Board issued Plaintiffs an amendment to their Water License.  (ECF No. 113 at ¶ 17.)

14          **II.    LEGAL STANDARD**

15          Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

16   statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

17   U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

18   defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

19   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

20   pleading standard relies on liberal discovery rules and summary judgment motions to define

21   disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

22   534 U.S. 506, 512 (2002).

23          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

24   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

25   reasonable inference to be drawn from the "well-plead" allegations of the complaint.  *Retail*

26   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

27   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

28   relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

1    factual content that allows the court to draw the reasonable inference that the defendant is liable

2    for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

3         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

4    factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

5    1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

6    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

7    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

8    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

9    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

10   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

11   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

12   been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

13   459 U.S. 519, 526 (1983).

14        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

15   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

16   *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across

17   the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.  While

18   the plausibility requirement is not akin to a probability requirement, it demands more than "a

19   sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a

20   context-specific task that requires the reviewing court to draw on its judicial experience and

21   common sense." *Id.* at 679.

22        In ruling upon a motion to dismiss, the court may consider only the complaint, any

23   exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

24   Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

25   *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

26   1998).

27        If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

28   amend even if no request to amend the pleading was made, unless it determines that the pleading

4

1   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

2   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

3   *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

4   denying leave to amend when amendment would be futile).  Although a district court should

5   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

6   deny such leave is 'particularly broad' where the plaintiff has previously amended its

7   complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

8   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

9       **III.   ANALYSIS**

10      Defendants move to dismiss the FAC on the following grounds: (1) law of the case has

11  already determined Defendants' protests/communications with the Water Board fail to state a

12  claim; (2) the "new" allegations are not plausibly unconstitutional; (3) there is no due process

13  property interest in a water license; (4) Plaintiffs fail to state an equal protection claim; (5)

14  qualified immunity applies; and (6) absolute prosecutorial immunity applies.  (ECF No. 116 at 6.)

15  The Court turns first to Defendants' arguments concerning the law of the case doctrine and then

16  to Defendants' argument as to whether Plaintiffs have alleged a protected property interest.

17      A.  Law of the Case

18      Defendants assert that the law of the case doctrine requires dismissal of Plaintiffs' FAC.

19  (ECF No. 116 at 6.)  "The law of the case doctrine precludes a court from reconsidering an issue

20  already decided by the same court or by a higher court in the identical action."  *See Chavez v.*

21  *Bank of Am. Corp.*, C-10-0653 JCS, 2012 WL 1594272, at *4 (N.D. Cal. May 4, 2012).  The

22  doctrine is "designed to protect both the court and the litigants from repeated reargument of issues

23  already decided."  *Id.* at *5 (citations omitted).  The law of the case doctrine is discretionary.  *See*

24  *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010) ("Law of the case is a discretionary

25  doctrine: It merely expresses the practice of courts generally to refuse to reopen what has been

26  decided, not a limit to their power." (citation and internal quotation marks omitted)); *Ingle v.*

27  *Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) (stating that the application of the doctrine is

28  discretionary).

1    In the present case, Judge Karlton's previous order granting Defendants' motion to

2    dismiss Plaintiffs' First Amended Complaint was based on a detailed review of the factual

3    allegations set forth in that complaint.  Where a party has been given the opportunity to amend,

4    the Court owes that party a duty to thoroughly examine the new pleadings.  Thus, a blanket

5    application of the law of the case doctrine is not appropriate in this situation.  Defendants'

6    statement that the FAC is similar to the previous dismissed complaint does not warrant automatic

7    dismissal, especially in light of the reason that Judge Karlton granted Defendants' previous

8    motion to dismiss: "Plaintiffs offer no example of any allegedly false statements, threats or

9    demands, nor any description of them, nor hint of when they might have occurred, nor whether

10   they were oral."  (Order, ECF No. 82 at 12.)

11   Unlike the First Amended Complaint, the FAC includes details as to communications

12   made that allegedly violated Plaintiffs' constitutional rights.  Therefore, the law of the case

13   doctrine does not apply in this instance, and the Court turns to Defendants' arguments concerning

14   whether Plaintiffs' new allegations state a constitutional violation.

15   B.  Due Process Property Rights

16   Defendants argue that Plaintiffs cannot succeed on their § 1983 claim because Plaintiffs

17   cannot allege a cognizable property interest and because the statements that Plaintiffs allege

18   Thomas made to the Water Board were not unlawful.  (ECF No. 116 at 7.)  Plaintiffs' FAC

19   asserts Fourteenth Amendment violations pursuant to § 1983, including deprivation of Plaintiffs'

20   constitutional rights without due process, (ECF No. 113 at ¶ 51), and equal protection violations,

21   (ECF No. 113 at ¶ 52).  "To state a claim under § 1983, a plaintiff must allege the violation of a

22   right secured by the Constitution and laws of the United States."  *W. v. Atkins*, 487 U.S. 42, 48

23   (1988).  Thus, the Court first turns to whether Plaintiffs have alleged a federally protected right.

24   The Fourth Amendment provides "the right of the people to be secure in their persons,

25   houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and

26   no warrants shall issue, but upon probable cause, supported by oath or affirmation, and

27   particularly describing the place to be searched, and the persons or things to be seized."  U.S.

28   CONST. amend IV.  Defendants assert that although a permit or license can be a constitutionally

6

1    protected property interest, Plaintiff had no legitimate claim for entitlement to a water license

2    because the Water Board has unfettered discretion to approve or deny a Water License.  (ECF No.

3    116 at 8–9.)  Plaintiffs counter that Defendants' assertions are unavailing since this case involves

4    a license which was already issued and issued permits are cognizable property interests.  (ECF

5    No. 117 at 9–10 (citing *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 753 (9th Cir. 2001).)  In

6    Defendants' reply, they point to the fact that this Court found that conduct associated with

7    whether or not Plaintiffs had a valid license has been barred by the statute of limitations. (ECF

8    No. 118 at 6.)

9         In its previous order, the Court found that any events that had occurred prior to May 16,

10   2010, were barred by the statute of limitations.  Specifically, the Court found that Plaintiffs knew

11   of the events leading to the rescission of Plaintiffs' water license in 2008, and thus any claims

12   pertaining to this rescission are time-barred.  (Order, ECF No. 110.)  Thus, Plaintiffs are limited

13   to claims concerning their application for an amended license, and the Court turns to whether

14   Plaintiffs can allege a protected property interest in receiving an amendment to a license.

15        "A statute creates a right enforceable under § 1983 if: (1) the statute was intended to

16   benefit the plaintiffs; (2) the statute imposes a binding obligation on the government unit rather

17   than merely expressing a congressional preference for a certain kind of conduct, and; (3) the

18   interest asserted by the plaintiff is not so vague or amorphous that it is beyond the competence of

19   the judiciary to enforce." *Groten v. California*, 251 F.3d 844, 848 (9th Cir. 2001) (internal

20   quotations and citations omitted).  Section 1201 of California's water code states as follows:

21             All water flowing in any natural channel, excepting so far as it has
             been or is being applied to useful and beneficial purposes upon, or
22            in so far as it is or may be reasonably needed for useful and
             beneficial purposes upon lands riparian thereto, or otherwise
23            appropriated, is hereby declared to be public water of the State and
             subject to appropriation in accordance with the provisions of this
24            code.

25   Cal. Water Code § 1201 (West).  Section 1701 provides that "[a]t any time after notice of an

26   application is given, an applicant, permittee, or licensee may change the point of diversion, place

27   of use, or purpose of use from that specified in the application, permit, or license; *but such*

28   *change may be made only upon permission of the board*."  Cal. Water Code § 1701 (West)

                                        7

(emphasis added).  Thus, "the Water Board has the power to grant usufructuary licenses that will permit an appropriator to take water from flowing streams and use that water in a distant part of the state, even though this taking does not promote, and may unavoidably harm, the trust uses at the source stream."  *Nat'l Audubon Soc'y v. Superior Court*, 33 Cal. 3d 419, 446 (1983).  However, the rights of the license holder are not absolute nor mandatory upon application.  The California Supreme Court has explained that the Water Board has a duty to take the public trust into account in the planning and allocation of water resources, and to protect public trust uses whenever feasible:

> Once the state has approved an appropriation, the public trust imposes a duty of continuing supervision over the taking and use of the appropriated water.  In exercising its sovereign power to allocate water resources in the public interest, the state is not confined by past allocation decisions which may be incorrect in light of current knowledge or inconsistent with current needs.  The state accordingly has the power to reconsider allocation decisions even though those decisions were made after due consideration of their effect on the public trust.

*Nat'l Audubon Soc'y*, 33 Cal. 3d at 447.  The language of the statute does not create a binding obligation on the government to bestow a license or an amendment.  Moreover, the California Supreme Court's interpretation of the Water Board's duty to the public and licensees makes it clear that any license or amendment that is granted is not absolute and is revocable if the Water Board determines that it is no longer in the public's best interest or that the license or amended license was granted on incorrect considerations.  Therefore, this Court likens the holding of such a license to a privilege that can be revoked at any time.  Plaintiffs have not provided this Court with any case law supporting their assertion that a water license is a federally protected interest under California law.  In fact, the case law that Plaintiffs have offered in support of their position establishes that a water license is a cognizable interest under Washington state's constitution.  *See Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 753 (9th Cir. 2001). Thus, Plaintiffs have not met their burden of pleading a cognizable property interest under California's statutory scheme.  As such, Plaintiffs cannot assert a § 1983 claim, and Plaintiffs' complaint must be dismissed.

//

//

8

1    **IV.   CONCLUSION**

2         For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs'

3    Complaint (ECF No. 116).  Although Rule 15 encourages district courts to freely give leave to

4    amend, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has

5    previously amended its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713

6    F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th

7    Cir. 2004)).  As the FAC is Plaintiffs' fifth attempt at a complaint, the Court finds that Plaintiffs

8    have had numerous opportunities to amend and cannot adequately allege a § 1983 claim.  The

9    Court is sympathetic to Plaintiffs' plight as it seems that the prosecution by Defendant Lane was

10   unnecessarily vigorous.  However, the events that occurred prior to May 16, 2010, are barred by

11   the statute of limitations, and Plaintiffs are unable to show a federally protected right in a

12   California Water License.  As such, the Court finds that further amendment would be futile and

13   thus **GRANTS** Defendants' Motion to Dismiss **with Prejudice (ECF No 116)**.  The Clerk of

14   Court is directed to CLOSE THIS CASE.

15        IT IS SO ORDERED.

16   Dated: May 3, 2016

17

18                                              _____

19                                              Troy L. Nunley
                                                United States District Judge

20

21

22

23

24

25

26

27

28

9